2006 UT App 276

**MBNA AMERICA BANK, N.A., Plaintiff and Appellant,**

v.

**Michael W. GOODMAN, Defendant and Appellee.**

No. 20050523–CA.

Court of Appeals of Utah.

July 7, 2006.

---

Tefton J. Smith, Sandy, R. Bradley Neff PC, for Appellant.

Michael W. Goodman, Salem, Appellee Pro Se.

Before Judges BENCH, DAVIS, and McHUGH.

## MEMORANDUM DECISION

McHUGH, Judge:

¶ 1 Plaintiff MBNA America Bank (MBNA) appeals the trial court's dismissal of its case against Defendant Michael W. Goodman. We reverse.

## BACKGROUND

¶ 2 On March 23, 2005, MBNA filed a complaint against Goodman alleging that Goodman had entered into a credit agreement (the Agreement) with MBNA and had defaulted under the Agreement by failing to make payments on his credit card balance of $16,611.32. The Agreement, which is given to MBNA credit card applicants and consists of standard provisions relating to the use of an MBNA credit card, was attached to the complaint. The Agreement is not signed by Goodman, does not reference Goodman specifically, and is not dated. The Agreement provides, however, that when the account holder, or anyone authorized by the account holder, uses the credit account, the account holder "agree[s] to the terms of this Agreement."

¶ 3 In the complaint, MBNA requested recovery of the credit card balance, as well as at least $978.91 in interest and $775 in attorney fees. Goodman, acting pro se, filed a motion to dismiss, arguing that he did not sign the Agreement or any other contract with MBNA, and, absent a signed contract, he could not be held responsible for the debt. At the hearing on the motion to dismiss, counsel for MBNA conceded that his client routinely destroys signed credit card applications. Counsel thus admitted that MBNA probably would be unable to produce a contract signed by Goodman. The trial court granted Goodman's motion, holding that because the complaint based its breach of con-

tract claim on the unsigned Agreement, it should be dismissed. The trial court stated, "[U]ntil I see [Goodman's] signature then, you know, I'm not going to deal with this matter and I'm going to dismiss it."[1] MBNA now appeals.

## ISSUE AND STANDARD OF REVIEW

¶ 4 The single issue on appeal is whether the trial court erred by dismissing MBNA's complaint against Goodman.[2] " 'When determining whether a trial court properly granted a rule 12(b)(6) motion to dismiss,[3] we accept the factual allegations in the complaint as true and consider them and all reasonable inferences to be drawn from them in a light most favorable to the plaintiff.' " *Russell Packard Dev., Inc. v. Carson*, 2003 UT App 316, ¶ 10, 78 P.3d 616 (quoting *Saint Benedict's Dev. Co. v. Saint Benedict's Hosp.*, 811 P.2d 194, 196 (Utah 1991)), *aff'd*, 2005 UT 14, 108 P.3d 741. "Because the propriety of a 12(b)(6) dismissal is a question of law, we give the trial court's ruling no deference and review it under a correctness standard." *Id.* (quotations and citations omitted). "We will affirm the trial court's decision only if it appears [MBNA] cannot prove any set of facts in support of [its] claims." *Id.* (second alteration in original) (quotations and citation omitted).

## ANALYSIS

¶ 5 Because the issue in this case is whether MBNA's complaint fails to state a claim for breach of contract against Goodman, we look to the allegations of the complaint, which state in relevant part:

3. [The] Defendant entered into a Credit Agreement with the Plaintiff. A true and correct copy of this Credit Agreement is attached hereto as Exhibit "A."

4. The Defendant has defaulted on the obligation under the Credit Agreement in Exhibit "A."

5. The amount due and owing to the Plaintiff is $16,611.32, plus accrued interest of $978.91 to March 31, 2005[,] at the rate of 4.770% per annum, the current legal rate. Plaintiff is entitled to recover interest from March 31, 2005[,] until the date all amounts due are paid.

¶ 6 Under our liberal standard of notice pleading, a plaintiff is required "to submit a 'short and plain statement . . . showing that the pleader is entitled to relief' and 'a demand for judgment for the relief.' " *Canfield v. Layton City*, 2005 UT 60, ¶ 14, 122 P.3d 622 (omission in original) (quoting Utah R. Civ. P. 8(a)(1)-(2)). "The plaintiff must only give the defendant fair notice of the nature and basis or grounds of the claim and a general indication of the type of litigation involved." *Id.* (quotations and citation omitted). The elements of a breach of contract claim are "(1) a contract, (2) performance by the party seeking recovery, (3) breach of the contract by the other party, and (4) damages." *Bair v. Axiom Design, L.L.C.*, 2001 UT 20, ¶ 14, 20 P.3d 388 (citation omitted). Thus, to have stated a claim for breach of contract, MBNA must have alleged sufficient facts, which we view as true, to satisfy each element.

¶ 7 We conclude that the trial court erred as a matter of law in dismissing MBNA's claim. By alleging that there is a contract, that Goodman breached the contract by failing to make his credit card payments, and that there are damages, including the unpaid

---

1. Prior to filing the complaint in this case, MBNA filed a petition to confirm an arbitration award. The trial court judge that presided over that case also presided over the case that is the subject of this appeal. In the prior case, the trial court indicated to MBNA that the petition would be unsuccessful if MBNA could not produce a copy of the Agreement that had been signed by Goodman. The Agreement provided that the holder of the credit card agreed to arbitrate in a designated forum. MBNA submitted an affidavit in support of its petition, but later made a motion to dismiss the case, which the trial court granted. The case at issue here was then filed.

2. Goodman raises many additional issues and defenses that go beyond the decision of the trial court. They are not properly before this court and we decline to address them.

3. The record fails to reveal the rule pursuant to which the trial court granted the motion to dismiss. After reviewing the transcript of the hearing on Goodman's motion, however, it appears from the trial court's comments that it dismissed the complaint because it failed to state a claim against Goodman. *See* Utah R. Civ. P. 12(b)(6). We analyze the matter accordingly.

balance and interest, MBNA's complaint states a claim for breach of contract. *See id.*

¶ 8 The Utah Statute of Frauds expressly provides that credit agreements like the one at issue here are enforceable without the signature of the debtor:

A credit agreement is binding and enforceable *without any signature by the party to be charged* if: (i) the debtor is provided with a written copy of the terms of the agreement; (ii) the agreement provides that any use of the credit offered shall constitute acceptance of those terms; and (iii) after the debtor receives the agreement, the debtor, or a person authorized by the debtor, requests funds pursuant to the credit agreement or otherwise uses the credit offered.

Utah Code Ann. § 25–5–4(2)(e) (Supp.2005) (emphasis added). In this case, Goodman was provided with a copy of the Agreement, the Agreement contained a provision that acceptance of the Agreement's terms occurred through use of the credit card, and Goodman undisputedly used the credit account. Therefore, MBNA's complaint should not have been dismissed even if the Agreement did not contain Goodman's signature.

## CONCLUSION

¶ 9 The trial court erred by granting Goodman's motion to dismiss MBNA's complaint. We therefore reverse.

¶ 10 WE CONCUR: RUSSELL W. BENCH, Presiding Judge and JAMES Z. DAVIS, Judge.