**2017 UT App 222**

# THE UTAH COURT OF APPEALS

AMERICAN EXPRESS BANK FSB,
Appellee,
*v.*
JAMES TANNE,
Appellant.

Per Curiam Opinion
No. 20160363-CA
Filed November 30, 2017

Fourth District Court, American Fork Department
The Honorable Christine S. Johnson
No. 159102739

James Tanne, Appellant Pro Se

Keisuke Ushijima, Attorney for Appellee

Before JUDGES MICHELE M. CHRISTIANSEN, DAVID N. MORTENSEN,
and RYAN M. HARRIS.

PER CURIAM:

¶1     James Tanne appeals from the district court's March 25, 2016 order granting American Express Bank, FSB's motion for summary judgment. We affirm.

¶2     Tanne first argues that the district court erred in granting the motion for summary judgment because there was a disputed issue of material fact concerning the original date the parties entered into the credit agreement at issue. In its motion for summary judgment, American Express mistakenly stated that the credit agreement was dated April 24, 2015, when in fact, the credit agreement began in March 2002. Tanne argues that this misstatement required the district court to deny the motion for summary judgment. However, the motion directly referenced the affidavit of American Express's custodian of records, which correctly stated the date the credit account was created. Thus,

both the district court and Tanne were aware of the correct date, which was supported by affidavit. Under the circumstances, the district court correctly determined that American Express's misstatement did not create a disputed issue of material fact.

¶3     Tanne next asserts that the district court erred in granting the motion for summary judgment because he disputed all of the material facts set forth in American Express's motion for summary judgment. However, Tanne's affidavit merely denies American Express's allegations. Tanne failed to set forth any admissible evidence to dispute the facts set forth in the affidavit of the custodian of records and the documents attached to that affidavit. Tanne's mere denials of the facts set forth in the motion for summary judgment were insufficient to create a disputed issue of material fact. *See* Utah R. Civ. P. 56(c), (e).

¶4     The next claim raised is Tanne's brief is that the district court erred in its interpretation of Utah Code section 70A-3-604, which provides that "[a] person entitled to enforce an instrument, with or without consideration, may discharge the obligation of a party to pay the instrument by an intentional voluntary act, such as surrender of the instrument to the party, destruction, [or] mutilation." Utah Code Ann. § 70A-3-604(1) (LexisNexis 2009). Tanne maintains that American Express failed to provide the original signed credit agreement; accordingly, the original must have been destroyed. As an initial matter, Tanne fails to provide any analysis concerning whether this section of the commercial code applies to credit agreements. However, even if this court were to assume for the sake of argument that this provision of the code applied generally to credit agreements, Tanne has failed to set forth sufficient facts to demonstrate it is applicable here. Specifically, Tanne never presented any evidence that American Express's "destruction" of the original credit agreement was an intentional voluntary act meant to discharge the debt. Accordingly, the district court did not err in concluding that Utah Code section 70A-3-604, was not applicable.

¶5    Tanne next argues that the district court erred in concluding that American Express's cause of action for breach of contract was not barred by the statute of frauds. "The Utah Statute of Frauds expressly provides that credit agreements like the one at issue here are enforceable without the signature of the debtor." *MBNA America Bank, N.A. v. Goodman*, 2006 UT App 276, ¶ 8, 140 P.3d 589. Utah Code section 25-5-4(2)(e) provides that a credit agreement is enforceable without any signature as long as the "debtor is provided with a written copy of the terms of the agreement," the agreement states that "any use of the credit offered shall constitute acceptance of those terms," and the debtor "uses the credit offered." Utah Code Ann. § 25-5-4(2)(e) (LexisNexis 2013). In this case, the affidavit of the custodian of records and the documents attached to that affidavit demonstrated that Tanne was provided with the document, that the document contained the language required by the statute, and that Tanne used the credit account. Tanne provides no evidence to the contrary. Thus, the district court properly concluded that the statute of frauds did not apply to this matter.

¶6    Finally, Tanne argues that the district court erred in denying his motion to continue the hearing on the summary judgment motion. The motion was based on the fact that the district court's initial notice of the hearing was mailed to an incorrect address. A corrected notice was later sent to Tanne before the hearing. The district court acknowledged the mailing error but determined that Tanne was not harmed because Tanne had actual knowledge of the hearing. Specifically, the notice of the hearing was sent only after the parties, including Tanne, agreed upon the hearing date and time during a conference call with the court. Accordingly, Tanne was not prejudiced by the error in mailing the notice of the hearing because Tanne had received actual notice of the hearing during the telephonic conference at which he agreed to the date.

¶7    American Express's motion for summary judgment and its attached affidavit demonstrated that, based on the undisputed material facts, American Express was entitled to

judgment for breach of contract. *See MBNA America Bank*, 2006 UT App 276, ¶ 6 (setting forth the elements of a breach of contract claim). The parties entered into a credit agreement, American Express performed its obligations under the agreement by providing credit to Tanne, he used the credit provided under the contract and then defaulted on his payments, and American Express was damaged by the breach of contract. Tanne averred no facts in his response to the motion for summary judgment, other than simple denials, that placed any of the material facts into dispute. Accordingly, the district court properly granted the motion for summary judgment.

¶8　　Affirmed.

_____