2002 UT App 100

**Greg F. KNIGHT, Steve Hall, Roy Neizer, and Brock Hudson, personally and on behalf of a class of persons similarly situated, Plaintiffs and Appellants,**

v.

**SALT LAKE COUNTY, a governmental entity, Defendant and Appellee.**

No. 20000864–CA.

Court of Appeals of Utah.

April 11, 2002.

Brian M. Barnard and James L. Harris, Utah Legal Clinic, Salt Lake City, for Appellants.

Valerie Wilde and John P. Soltis, District County Attorney's Office, Salt Lake City, for Appellee.

Before JACKSON, P.J., and ORME, and THORNE, JJ.

## OPINION

THORNE, Judge:

¶ 1 Appellants Steve Hall, Roy Neizer, and Brock Hudson (the Class) appeal from the trial court's grant of summary judgment dismissing the Class's claim. We affirm.

## BACKGROUND

¶ 2 Between July 16, 1991 and July 16, 1997, the Salt Lake County Sheriff's Office

required certain employees to arrive at work ten minutes prior to the beginning of their shifts for briefings or roll call. The County categorized this time as de minimis and refused to pay the employees for this time. In June of 1996, the Class, comprised of county employees affected by the County's refusal to pay for the briefing time, filed a lawsuit, in United States District Court, based in part on violations of the Fair Labor Standards Act (FLSA).[1] In July of 1996, after examining the complaint, the County capitulated on the FLSA issue and issued the affected employees, including all Class members, payroll checks to compensate them for the unpaid time that had accrued between February of 1994 and the inception of the lawsuit.[2] Then, based upon the County's motion, the United States District Court dismissed the Class's FLSA claim with prejudice and the pendant state law claims without prejudice. *See Bonnie Villalobos v. Salt Lake County*, 96–CV–00134 B (1996). The Class subsequently filed this claim on November 12, 1997.[3]

¶ 3 Following the completion of discovery, both parties filed cross motions for summary judgment. Included in the County's motion was an argument that the Class's claims were time barred pursuant to Utah Code Ann. § 78–12–26(4) (1996), the statute of limitations applicable to statutory claims.[4] Initially, the trial court denied the motions, however, shortly before the scheduled trial date, the court decided to revisit the issues presented in the summary judgment motions.

¶ 4 Following oral argument, the trial court, ruling from the bench, held that the Class's claims were based on rights conferred by statute, not contract, and therefore the reach of the Class's claims was limited by

section 78–12–26(4). Accordingly, the trial court ruled that the claims were time barred and granted the County summary judgment.[5] The Class now appeals.

## ANALYSIS

¶ 5 The Class argues that the trial court erred in determining that no employment contract existed between the County and the Class and therefore improperly granted summary judgment in favor of the County. The trial court, in its summary judgment order, concluded first that the Class was comprised wholly of statutory employees, and second that the County had not entered into an agreement with the Class that altered, amended, or changed the rights granted to the Class by statute. We therefore must first examine whether the trial court correctly determined that the members of the Class were statutory employees, and, if so, whether the County had entered into an agreement that would expand the Class's rights beyond those granted by statute.

¶ 6 "On review of summary judgment, we give no deference to the trial court's conclusions but review them for correctness." *Brinton v. IHC Hosp., Inc.*, 973 P.2d 956, 964 (Utah 1998). "[S]ummary judgment is appropriate only when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." *Schuurman v. Shingleton*, 2001 UT 52, ¶ 9, 26 P.3d 227. " '[I]n reviewing a grant of summary judgment, we view the facts and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party.' " *Dixon v. Pro Image Inc.*, 1999 UT 89, ¶ 12, 987 P.2d 48 (quoting *Higgins v. Salt Lake County*, 855 P.2d 231, 233 (Utah 1993)) (alteration in original). "Al-

---

1. 29 U.S.C.S §§ 201–219 (2002).

2. The Fair Labor Standards Act (FLSA) has a two year statute of limitations, *see* 29 U.S.C.S. § 255 (2002), and the County's payments effectively removed the claim from the reach of the FLSA.

3. The Class first filed the complaint on July 16, 1997, but later chose to voluntarily dismiss it pursuant to Rule 41 of the Utah Rules of Civil Procedure. Subsequently, on November 12, 1997, the Class refiled the complaint.

4. Utah Code Ann. § 78–12–26(4) (1996) establishes that "for a liability created by the statutes of this state" the applicable statute of limitations is three years.

5. The trial court determined that the Class was seeking relief for damages that had accrued prior to February of 1994. Therefore, pursuant to section 78–12–26(4), the trial court concluded that the statute of limitations had expired.

though the existence of an implied contract is a factual question, 'the court retains the power to decide whether, as a matter of law, a reasonable jury could find that a[ ] contract exists.'" *Ryan v. Dan's Food Stores, Inc.,* 972 P.2d 395, 401 (Utah 1998) (quoting *Sanderson v. First Sec. Leasing Co.,* 844 P.2d 303, 306 (Utah 1992)). The principal question to be addressed in examining a purported employment contract is whether the evidence supports the existence of an agreement in which the employer voluntarily undertook a duty that it otherwise would have no obligation to perform. *See id.*

¶ 7 We first address whether the Class, employed pursuant to the County Personnel Management Act, *see* Utah Code Ann. §§ 17–33–1 to –15 (1999),[6] is comprised of statutory employees, and if so, whether their employment rights are statutory in nature. In *Hom v. Utah Department of Public Safety,* 962 P.2d 95 (Utah Ct.App.1998), we examined a claim not unlike the present action. In *Hom,* the plaintiff's employment had been terminated for, among other reasons, perjury, insubordination, and malfeasance. *See id.* at 98. On appeal, Hom argued that the trial court erred in "barring his wrongful termination claim under the three-year statute of·limitations for violations of rights created by statute," asserting instead, that his claim was subject to the six year statute of limitations applied to actions brought in contract. *Id.* at 99.

¶ 8 In addressing Hom's argument, we examined Utah case law, as well as case law from other jurisdictions, and determined that

public employees' employment rights. generally spring not from contract, but from legislative policy. *See id.* at 101. Accordingly, we concluded that absent evidence of an agreement that "altered or added to the terms and conditions of public employment included in the Personnel Management Act and implementing regulations," *id.* at 101, a public employee's employment rights "are statutory rather than contractual," *id.* at 100, and will be treated as claims "in vindication of rights created by the Personnel Management Act." *Id.* at 101.[7]

◼ ¶ 9 Here, there is no question that the Class is comprised of individuals whose employment exists pursuant to statute. *See* Utah Code Ann. §§ 17–33–1 to –15; *id.* §§ 17–30–1 to –24. It is also clear that the specific jobs performed by those comprising the Class were created pursuant to statute and "established by and ... run for the benefit of all the people." *Wright v. Kansas Water Office,* 255 Kan. 990, 881 P.2d 567, 571 (1994). Therefore, we conclude that the employment rights of the Class are firmly rooted in statute, and the Class is comprised of statutory employees.

◼ ¶ 10 Accordingly, we must now examine whether, when viewed " 'in the light most favorable'" to the Class, *Pro Image Inc.,* 1999 UT 89 at ¶ 12, 987 P.2d 48 (quoting *Higgins,* 855 P.2d at 233), a reasonable jury could find that the documents offered by the Class amounted to an agreement that altered or added to the terms of public employment.

---

6. The Class does not dispute that they are employed pursuant to the Personnel Management Act, *see* Utah Code Ann. §§ 17–33–1 to –15 ·(1999), or the Deputy Sheriffs—Merit System Act, *see id.* §§ 17–30–1 to –24. Rather, the Class's argument centers on the possible effect that certain documents could have had on their employment rights, and their claim that those documents created a contract between the Class and Salt Lake County.

7. *Wright v. Kansas Water Office,* 255 Kan. 990, 881 P.2d 567 (1994) is also quite persuasive in this regard. In *Wright,* the Kansas Supreme Court addressed whether the employment relationship between a public employee and a government entity was contractual or statutory. *See id.* at 570. After closely examining the nature of public employment, the court determined that a

public employees' rights are statutory in nature and concluded that

"There neither is, nor can be, an analogy of statuses between public employees and private employees, in fact or law, because of inherent differences· in the employment relationship arising out of the unique fact that the public employer was established by and is run for the benefit of all the people and *its authority derives not from contract* nor the profit motive inherent in the principle of free private enterprise, *but from the constitution, statutes, civil service rules, regulations and resolutions."* *Id.* at 571 (citation omitted); *cf. Weese v. Davis County Comm'n,* 834 P.2d 1, 3 (Utah 1992) ("The county only has those rights and powers granted it by the Utah Constitution and statutes or those implied as a necessary means to accomplish them." (Footnote omitted.)).

*See Ryan,* 972 P.2d at 401; *Horn,* 962 P.2d at 101.

¶ 11 The Class presents the following documents as evidence of an employment contract between the Class and Salt Lake County: letters offering employment to two different Class members; two notices of personnel action; an excerpt from the Salt Lake County Deputy Sheriff's Merit Service Commission Policies and Procedures Manual; and a signed document, bearing the signature of one Class member, stating that the member has read and understood the departmental policies and procedures manual. The Class argues that these documents constitute an employment contract based upon a written instrument. We disagree.

¶ 12 First, we have previously disposed of similar claims for the primary reason that the documents listed above, in some form, are all mandated under the Personnel Management Act. *See, e.g., Thurston v. Box Elder County,* 835 P.2d 165, 169–70 (Utah 1992) (holding that the plaintiff's breach of contract claim was properly a statutory claim under the Personnel Management Act). Through the various provisions of the Personnel Management Act, *see* Utah Code Ann. §§ 17–33–1 to –15, and the Deputy Sheriffs—Merit System Act, *see id.* §§ 17–30–1 to –24, the legislature has vested the County with the authority to recruit, select, and advance employees, *see id.* §§ 17–30–2, –6, –12; §§ 17–33–3, –5, as well as the responsibility to establish personnel records "setting forth as to each employee class, title, pay or status, and other relevant data." *Id.* § 17–33–5(2)(e). The Personnel Management Act also sets forth the County's responsibility to establish an office of personnel management, under the direction of a personnel director, which is vested with the responsibility of designing and implementing the county pay plan including salaries, wages, incentives, and bonuses, *see id.* § 17–33–7(1)(c)(i), and grants responsibility for making the final selection for appointments to employment positions to county agencies, departments, and offices. *See id.* § 17–33–7(2)(c).

¶ 13 Therefore, even were we to conclude, as the Class has argued, that these documents were sufficient to form the basis of a contractual obligation on the part of the County, we would also be constrained to conclude that the agreement did not alter or amend the Class's terms of public employment. Therefore, the documents have no impact on the Class member's status as statutory employees.

¶ 14 Moreover, we have examined the documents and cannot agree that they form a contract of any kind. In order for the documents to be an employment contract, they must demonstrate that the County voluntarily undertook a duty that it would not have otherwise had as a consequence of the agreement. *See Ryan,* 972 P.2d at 400–01. These documents demonstrate no such undertaking on the part of the County.

¶ 15 The first set of documents are contingent offers of employment to two of the Class members. The second set of documents amount to nothing more than records of Class member status and pay at the time the forms were issued. Third, the Class offers a signature which evidences nothing more than acknowledgment that the Class member read and understood the manual and that he would follow his superior's orders, whether "written or verbal." Finally, the excerpted portion of the policies and procedures manual sets forth its purpose at the very front of the document: "To comply with the Fair Labor Standards Act and provide for the uniform and equitable administration of overtime and compensatory time off for sworn employees." However, as we have previously discussed, each of these documents is required or controlled by the Personnel Management Act and its implementing regulations.

¶ 16 Moreover, as evidenced by Salt Lake County's quick action in the face of the Class's earlier federal lawsuit, the County was bound to comply with the requirements of the FLSA regardless of the affirmative adoption of its terms in the policies and procedures manual. The County's act of affirmatively accepting the required terms of the FLSA, therefore, cannot amount to the County assuming a duty that it would not have otherwise had. *See* 29 U.S.C.S. § 215 (2002).

¶ 17 Absent further indication that the County entered into an employment contract with the Class, we conclude that no reasonable fact-finder could have determined that a contract existed. *See Ryan*, 972 P.2d at 401. Therefore, the trial court properly determined that the Class's wage claim was statutory in nature and had expired prior to the filing of the action pursuant to Utah Code Ann. § 78–12–26(4).

## CONCLUSION

¶ 18 All members of the Class, being subject to the terms and conditions of the County Personnel Act and the Deputy Sheriff's—Merit System Act, were correctly classified as statutory employees. Therefore, absent evidence of an agreement or contract altering or amending the terms or conditions of their public employment, their employment claims are statutory in nature, thus subject to the limitations found in Utah Code Ann. § 78–12–26(4).

¶ 19 Further, we conclude that the documents offered by the Class as evidence of an employment contract or agreement between the Class and the County are insufficient as a matter of law to constitute a contract. Therefore, the trial court properly granted summary judgment in favor of the County.

¶ 20 Accordingly, the trial court's grant of summary judgment is affirmed.

¶ 21 WE CONCUR: NORMAN H. JACKSON, Presiding Judge, and GREGORY K. ORME, Judge.