2010 UT App 246

Chad **NORDGREN**, Plaintiff
and Appellant,

v.

**IHC HEALTH SERVICES, INC.**, dba Sevier Valley Family Clinic; **Jeffrey Brown, DO**; and **Roger D. Bloomquist, MD**, Defendants and Appellees.

No. 20090698–CA.

Court of Appeals of Utah.

Sept. 10, 2010.

Craig G. Adamson, Craig A. Hoggan, and Debra Griffiths Handley, Salt Lake City, for Appellant.

George T. Naegle, Anne D. Armstrong, Cortney Kochevar, JoAnn E. Bott, and David C. Castleberry, Salt Lake City, for Appellees.

Before Judges THORNE, VOROS, and ROTH.

## OPINION

THORNE, Judge:

¶ 1 Chad Nordgren appeals from the district court's memorandum decision and order dismissing his loss of consortium action against IHC Health Services, Inc.; Jeffrey Brown, DO; and Roger D. Bloomquist, MD (collectively, IHC). In light of events that have occurred in a related arbitration proceeding since the entry of the district court's order, we dismiss Mr. Nordgren's appeal as moot.

## BACKGROUND

¶ 2 In September 2006, Mr. Nordgren's spouse, Jennie Nordgren, was diagnosed with colorectal cancer. Mrs. Nordgren contends that IHC negligently failed to diagnose her cancer when she sought treatment from IHC for kidney stones some nine months earlier. On June 12, 2007, Mrs. Nordgren began pursuing a medical malpractice claim against IHC by serving a Notice of Intent and Request for Prelitigation Panel Review pursuant to Utah's Health Care Malpractice Act (the Malpractice Act), *see generally* Utah Code Ann. §§ 78B–3–401 to –422 (2008 & Supp.2010).

¶ 3 Shortly thereafter, IHC notified Mrs. Nordgren that she had signed an arbitration agreement (the Agreement) at the time she had received care from IHC. In light of the Agreement, IHC declined to participate in the prelitigation panel review process and instead elected to resolve Mrs. Nordgren's

claim through arbitration. On October 9, 2007, the Utah Division of Professional Licensing (DOPL) dismissed Mrs. Nordgren's prelitigation panel review, and Mrs. Nordgren and IHC proceeded to arbitrate Mrs. Nordgren's claim.[1]

¶ 4 Nearly a year later, on September 11, 2008, Mr. Nordgren sought to join Mrs. Nordgren's arbitration proceeding for the purpose of asserting a loss of consortium claim against IHC. Mr. Nordgren did so by serving IHC's counsel with a Notice of Claim pursuant to the Agreement. Four days after that, concerned that the applicable statute of limitations was about to expire and having received no word from the arbitration panel that his claim would be considered there, Mr. Nordgren filed this loss of consortium action in the district court.

¶ 5 IHC apparently did not respond to Mr. Nordgren's Notice of Claim. Instead, IHC filed a motion to dismiss Mr. Nordgren's district court action, arguing that his action was barred because Utah's loss of consortium statute required him to have made his claim at the same time that Mrs. Nordgren asserted her underlying medical malpractice claim. *See generally* Utah Code Ann. § 30–2–11(4) (Supp.2010) ("A claim for the spouse's loss of consortium shall be . . . made at the time the claim of the injured person is made. . . ."). The district court agreed with IHC that Mrs. Nordgren made her claim when she served her notice of intent to sue in June 2007 and that Mr. Nordgren did not make his claim until September 2008, some fifteen months later. Accordingly, the district court dismissed Mr. Nordgren's action pursuant to the loss of consortium statute. *See generally id.* Mr. Nordgren is currently appealing the district court's dismissal order.

¶ 6 At the time the district court dismissed Mr. Nordgren's action, it was still unclear whether the arbitration panel would consider Mr. Nordgren's claim. However, on June 25, 2010, IHC submitted a Suggestion of Mootness to this court, indicating that the arbitration panel *had* considered Mr. Nordgren's loss of consortium claim and dismissed that claim by order issued May 7, 2010. The basis for the arbitration panel's dismissal

order was the same as that relied upon by the district court, i.e., Mr. Nordgren's failure to make his loss of consortium claim at the time Mrs. Nordgren made her underlying injury claim. Both parties submitted memoranda to this court on the issue of the effect of the arbitration panel's consideration and dismissal of Mr. Nordgren's claim.

## ISSUE AND STANDARD OF REVIEW

¶ 7 Mr. Nordgren argues on appeal that the district court erred in granting IHC's motion to dismiss. Ordinarily, "[w]e review a trial court's ruling on a motion to dismiss for correctness, according no deference to the trial court." *Code v. Utah Dep't of Health,* 2007 UT App 390, ¶ 3, 174 P.3d 1134; *see also Buckner v. Kennard,* 2004 UT 78, ¶ 9, 99 P.3d 842. However, "[a]n appeal is moot if during the pendency of the appeal circumstances change so that the controversy is eliminated, thereby rendering the relief requested impossible or of no legal effect." *Cedar Mountain Envtl., Inc. v. Tooele Cnty.,* 2009 UT 48, ¶ 20, 214 P.3d 95 (internal quotation marks omitted).

## ANALYSIS

¶ 8 Mr. Nordgren's appeal seeks to reinstate his loss of consortium action against IHC in the district court. In order for this court to grant Mr. Nordgren the relief he seeks, the matter in controversy between him and IHC in the district court must remain live. *See id.* We determine that the arbitration panel's consideration of Mr. Nordgren's arbitration claim, pursuant to the Agreement and at Mr. Nordgren's request, precludes any further consideration of Mr. Nordgren's loss of consortium claim in the district court. Accordingly, any reversal of the district court's dismissal order would be "of no legal effect," *id.* (internal quotation marks omitted), and we must dismiss Mr. Nordgren's appeal as moot.

¶ 9 The Agreement provides that any medical malpractice claim made by Mrs. Nordgren against IHC shall be resolved through settlement, mediation, or arbitration. The

1. Mrs. Nordgren's claim is apparently still pending before the arbitration panel.

Agreement further states, "If working with [IHC] or using non-binding mediation does not resolve your Claim, we agree that your Claim will be resolved through binding arbitration. We both agree that the decision reached in binding arbitration will be final." And, the Agreement provides that claimants under the Agreement "waiv[e the] right to have [their claims] decided by a judge or jury."

¶ 10 On September 11, 2008, Mr. Nordgren joined in Mrs. Nordgren's arbitration claim through a Notice of Claim stating that, "[Mr. Nordgren] hereby exercises his right to participate in [Mrs. Nordgren's arbitration], and agrees to be bound by the arbitration decision." By electing to participate in arbitration, Mr. Nordgren accepted the terms of the Agreement.[2] Those terms waived Mr. Nordgren's right to have his loss of consortium claim heard in the district court and, instead, provided that his claim would be decided by the arbitration panel and that the panel's decision would be final. Of course, at the time Mr. Nordgren filed his action in the district court, and even through the time of the district court's dismissal order, it was unclear whether the arbitration panel would accept and consider Mr. Nordgren's claim. However, the panel did ultimately consider Mr. Nordgren's claim,[3] and Mr. Nordgren is bound by the panel's decision and may not relitigate the matter in district court.[4]

¶ 11 The arbitration panel's acceptance and consideration of Mr. Nordgren's claim constitutes a change of circumstances occurring during the pendency of Mr. Nordgren's appeal "[such] that the controversy is eliminated, thereby rendering the relief requested impossible or of no legal effect." *Id.* (internal quotation marks omitted). For this reason, Mr. Nordgren's appeal is moot.

**CONCLUSION**

¶ 12 During the pendency of this appeal, an arbitration panel accepted, considered, and dismissed Mr. Nordgren's loss of consortium claim. The arbitration panel's acceptance and consideration of Mr. Nordgren's claim, pursuant to the Agreement and Mr. Nordgren's submission thereto, precludes Mr. Nordgren from obtaining any relief in his district court action for loss of consortium. Accordingly, we dismiss Mr. Nordgren's appeal seeking to reinstate that action as the appeal is now moot.

¶ 13 WE CONCUR: J. FREDERIC VOROS JR. and STEPHEN L. ROTH, Judges.

---

2. Because Mr. Nordgren affirmatively elected to submit to arbitration under the Agreement, we need not consider whether the Agreement—signed only by Mrs. Nordgren—would otherwise bind Mr. Nordgren.

3. Mr. Nordgren does not argue that the arbitration panel's dismissal order constituted a refusal to consider his claim such that the claim might be preserved for district court consideration, and we do not address that possibility.

4. Although the arbitration panel dismissed Mr. Nordgren's claim, the relevant factor for our mootness analysis is that the panel accepted the claim for consideration under the Agreement. Mr. Nordgren's district court case would be equally moot had the arbitration panel given him an award of money damages or had it simply ordered that Mr. Nordgren's claim would be considered along with Mrs. Nordgren's claim at some point in the future.