503 P.2d 449

Zella GYGI, as Administratrix of the Estate of David Allen Gygi, Plaintiff and Appellant,

v.

Lois STORCH and The Travelers Insurance Company, a corporation, Defendants and Respondents.

No. 12834.

Supreme Court of Utah.

Nov. 16, 1972.

Crockett, J., having disqualified himself, did not participate.

Cannon, Duffin & Howe, Salt Lake City, for plaintiff and appellant.

Sam F. Chamberlain, Salt Lake City, for defendants and respondents.

CALLISTER, Chief Justice:

Plaintiff, as administratrix of the estate of David Allen Gygi, filed a complaint, which upon subsequent amendments, alleged three causes of action. Plaintiff, in her pleadings, alleged that the decedent had been an employee of the Univac Division of Sperry Corporation and was insured under a group life insurance policy issued by defendant The Travelers Insurance Company. On July 5, 1971, decedent committed suicide; defendant Lois Storch was designated sole beneficiary by the decedent and claimed the insurance proceeds.

In the first cause of action plaintiff claimed that Mrs. Storch was designated beneficiary pursuant to an understanding that the couple would soon be married; thereafter, Mrs. Storch informed David Gygi that she would not marry him and that she wished to terminate their relationship. Plaintiff asserted that these actions constituted a failure of condition, the intention of the decedent was frustrated, and that the proceeds of the policy should be made payable to the administratrix of the estate and distributed pursuant to the succession laws of Utah. In the second cause of action, plaintiff alleged that defendant Mrs. Storch exercised undue influence, fraud, and deception to have herself designated as beneficiary.

The third cause appears to be a wrongful death action, wherein plaintiff alleged that defendant Mrs. Storch intentionally and unreasonably subjected David Gygi to extreme emotional distress that precipitated his suicidal act. Plaintiff asserted that decedent had informed Storch that he could not live without her and that life had little meaning if she did not marry him and that Storch refused to marry him and expressed a desire not to see him again. Mrs. Storch allegedly expressed these feelings with full knowledge that her language and acts would result in illness and bodily harm to decedent. As a result of this outrageous, intentional, and reckless conduct, according to plaintiff, decedent suffered extreme emo-

tional illness, resulting in death by his own hand. Plaintiff sought damages for this tortious conduct in the sum of $14,068, the amount of the insurance proceeds. The defendant insurance company paid the proceeds of the insurance into the court and was dismissed from the action. Based on the pleadings and depositions, defendant Mrs. Storch moved for summary judgment, which the trial court granted. On appeal, plaintiff's allegations of error are concerned solely with the third cause of action.

In November 1970, Lois Storch was a divorced mother of eight children; she was 37 years old; David Gygi was 27 years old. The couple met at a church social and became friends. Mr. Gygi frequently furnished the transportation for Mrs. Storch and her lady friend to church social events; he also took the ladies and their children on recreational outings. Mr. Gygi appeared infatuated with Mrs. Storch and frequently proposed marriage. She consistently refused him, but as he persisted, she promised to pray for an answer. On July 5, 1971, approximately eight months after they had met, she terminated their relationship, and he committed suicide.

Plaintiff's claim is predicated on the cause of action discussed in Samms v. Eccles,[1] wherein this court stated:

. . . an action may be maintained for severe emotional distress, though not accompanied by bodily impact or physical injury, where the defendant intentionally engaged in some conduct toward the plaintiff, (a) with the purpose of inflicting emotional distress, or, (b) where any reasonable person would have known that such would result; and his actions are of such a nature as to be considered outrageous and intolerable in that they offend against the generally accepted standards of decency and morality . . . .

In the Restatement, Torts (2d), § 46, Comment h, it is stated:

It is for the court to determine, in the first instance, whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery, or whether it is necessarily so. Where reasonable men may differ, it is for the jury, subject to the control of the court, to determine whether, in the particular case, the conduct has been sufficiently extreme and outrageous to result in liability.

In the instant action, the record does not support the assertion of plaintiff that reasonable men could differ as to whether the conduct of Mrs. Storch was so outrageous and extreme that it offended the generally accepted standards of decency and morality. There was no genuine issue as to any material fact, and defendant Storch was enti-

---

1. 11 Utah 2d 289, 293, 358 P.2d 344 (1961).

tled to judgment as a matter of law. The judgment of the trial court is affirmed; costs are awarded to defendant.

TUCKETT, HENRIOD and ELLETT, JJ., concur.

CROCKETT, J., having disqualified himself, does not participate.