2008 UT App 165

**Sheila HARPER and Clayton Harper, Plaintiffs and Appellants,**

v.

**Keith H. EVANS, M.D.; Gary B. White, M.D.; and Uintah Basin Women's Health, Defendants and Appellees.**

No. 20060984–CA.

Court of Appeals of Utah.

May 8, 2008.

Cory B. Mattson, Sandy, for Appellants.

Robert G. Wright, Brandon B. Hobbs, and Zachary E. Peterson, Salt Lake City, for Appellees.

Before THORNE, Associate P.J., BENCH and ORME, JJ.

AMENDED OPINION [1]

THORNE, Associate Presiding Judge:

¶ 1 Sheila and Clayton Harper appeal from the district court's entry of summary judgment in favor of Keith H. Evans, M.D.; Gary

1. This Amended Opinion replaces the Opinion in Case No. 20060984–CA issued on March 6, 2008.

B. White, M.D.; and Uintah Basin Women's Health (collectively, Defendants). We affirm.

## BACKGROUND

¶ 2 In Fall 2002, Sheila Harper saw Evans for consultation and evaluation of several health issues, including excessive bleeding and cramping during her menstrual cycle. On November 15, 2002, Harper underwent a total abdominal hysterectomy performed by Evans and White.[2] As a part of the surgery, Evans and White reinforced Harper's bladder neck to prevent incontinence. Immediately following the surgery, Harper experienced pain radiating through her left flank. The cause of the pain was diagnosed as a blockage of the left ureter, and on November 16 Harper underwent a second surgery during which Evans performed a laparotomy and removed two sutures from Harper's left ureter. During the November 16 procedure, Evans also removed Harper's ovaries.

¶ 3 Harper continued to have pain and difficulty urinating, and she had multiple follow-up visits with Evans. Evans continued to inform Harper that her symptoms would resolve over time until April 7, 2003, when he first informed her that she was retaining urine after voiding. On April 14, Evans informed Harper that she may need to begin using a catheter. Evans referred Harper to Dr. Peggy Norton, and on May 12, 2003, Norton informed Harper that she had sustained nerve damage to her bladder. Further follow-up revealed that Harper's bladder had become distended in the months following the 2002 surgeries and would likely never regain normal function. In September 2003, Harper underwent bladder function tests and was informed by the treating nurse that had she received appropriate therapy from the time of the surgeries, her chances of a full recovery would have been very good.

¶ 4 On November 4, 2004, the Harpers served both the Utah Department of Occupational and Professional Licensing (DOPL) and Defendants with notice of their intent to commence a malpractice action. That same day, the Harpers requested a prelitigation panel review from DOPL. DOPL convened a panel on July 7, 2005, issued a panel opinion on July 14, 2005, and issued a certificate of compliance to the Harpers on July 18, 2005.

¶ 5 On January 17, 2006, the Harpers filed a complaint against Evans and Uintah Basin Women's Health, alleging negligence and failure to obtain informed consent to remove Harper's ovaries. The complaint identified the November 15 and 16, 2002 surgeries as the only treatment at issue performed by Evans. On February 1, 2006, the Harpers filed an amended complaint adding White as a defendant and asserting several new claims based on lack of informed consent. The amended complaint also identified the two November 2002 surgeries as the only treatment at issue provided by either Evans or White.

¶ 6 Defendants filed a motion for summary judgment, asserting that the Harpers' claims arising from the November 2002 surgeries were barred by the applicable statute of limitations. The Harpers opposed the motion, arguing for the first time in their opposition brief that Defendants' negligence occurred not during the original surgeries, but instead over the course of Evans's follow-up care.[3] The Harpers also argued that various statutory tolling provisions rendered their complaint timely even if their cause of action accrued in November 2002. The district court granted Defendants' motion, finding that the Harpers' claims accrued on November 16, 2002. Applying the statutory provisions identified by the Harpers, the district court found that the statute of limitations on the Harpers' claims expired on January 11, 2006. Accordingly, the district court found the Harpers' January 17 complaint to be untimely and entered summary judgment in favor of Defendants. The Harpers appeal.

## ISSUE AND STANDARD OF REVIEW

¶ 7 The Harpers argue that the district court erred in granting summary

---

2. Our references to Harper in the singular indicate only Sheila Harper.

3. The Harpers did not seek leave to amend their complaint a second time to add these new allegations of negligence.

judgment to Defendants on the ground that the Harpers' claims were barred by the applicable statute of limitations. We review a trial court's grant of summary judgment for correctness, according no deference to the trial court's legal conclusions. *See Shaw Res. Ltd., L.L.C. v. Pruitt, Gushee & Bachtell, P.C.,* 2006 UT App 313, ¶ 20, 142 P.3d 560. In so doing, we view the facts and all reasonable inferences to be drawn therefrom in the light most favorable to the nonmoving party. *See id.* Further, " '[t]he applicability of a statute of limitations and the applicability of the discovery rule are questions of law, which we review for correctness.' " *Moore v. Smith,* 2007 UT App 101, ¶ 15, 158 P.3d 562 (quoting *Russell Packard Dev., Inc. v. Carson,* 2005 UT 14, ¶ 18, 108 P.3d 741), *cert. denied,* No. 20070404, 182 P.3d 910 (Sept. 17, 2007).

## ANALYSIS

¶ 8 The district court's order concluded that the two-year statute of limitations governing the Harpers' claims, *see* Utah Code Ann. § 78–14–4(1) (2002), as tolled or otherwise extended by statute, began running on November 16, 2002, and expired on January 11, 2006. The Harpers filed their complaint on January 17, 2006. On appeal, the Harpers raise three arguments that their complaint was actually timely filed. They invoke two judicial doctrines—the continuous negligent treatment rule and the discovery rule—in an attempt to establish that the statute of limitations on their claims should not have begun to run until as late as September 2003. And, they argue that even if the clock began running on November 16, 2002, proper application of the various relevant statutes results in a filing deadline of January 26, 2006. For the reasons stated herein, we reject each of the Harpers' arguments and affirm the order of the district court.

### I. The Continuous Negligent Treatment Rule

¶ 9 The Harpers first argue that their negligence claim did not accrue until April 7, 2003, the last date that Evans provided treatment. Starting the statute of limitations clock on that date, the Harpers argue, would result in a February 15, 2006 deadline once applicable tolling statutes were applied. The Harpers base their argument for starting the limitations clock in April 2003 on the continuous negligent treatment rule first adopted in *Peteler v. Robison,* 81 Utah 535, 17 P.2d 244 (1932).

¶ 10 Under the continuous negligent treatment rule, where a patient is injured by a course of continuing negligent treatment by a health care provider, the cause of action does not accrue until the date of the final negligent act. *See id.* at 249; *see also Schuurman v. Shingleton,* 2001 UT 52, ¶ 20, 26 P.3d 227; *Collins v. Wilson,* 1999 UT 56, ¶ 11 n. 9, 984 P.2d 960 ("The continuous negligent treatment rule addresses a *course* of treatment that is allegedly negligent. The entire negligent course of treatment constitutes a single cause of action and, as such, the statute of limitations would not begin to run until the completion of the act giving rise to the cause of action, i.e., the negligent course of treatment."). The Harpers argue on appeal that the injuries to Harper's bladder occurred over the course of Evans's treatment from November 2002 to April 2003, and that the continuous negligent treatment rule therefore applies to their claims.

¶ 11 As framed by the Harpers on appeal, the facts of this case would likely support a claim for continuous negligent treatment. However, the version of events asserted by the Harpers on appeal is not reflected in their amended complaint. The amended complaint only asserts treatment of Harper by any of the Defendants on November 15 and 16, 2002, and does not allege a continuous negligent course of treatment. Utah case law has consistently rejected attempts to invoke the continuous negligent treatment rule through resort to facts outside of those alleged in the complaint, and we therefore reject the Harpers' attempt to do so in this case.

¶ 12 For example, in *Schuurman v. Shingleton,* 2001 UT 52, 26 P.3d 227, the plaintiff attempted to invoke the continuous negligent treatment rule to recover for injuries allegedly suffered after she began a personal relationship with her psychotherapist. *See*

*id.* ¶¶ 20–21. The Utah Supreme Court rejected this argument, noting that the "complaint contains no allegations that defendant continued to provide therapy to treat conditions resulting in either of [the plaintiff's] alleged injuries ... after their formal patient-therapist relationship ended and their personal relationship began." *Id.* ¶ 21. And, in *Collins v. Wilson*, 1999 UT 56, 984 P.2d 960, the plaintiff sued for damages allegedly suffered during surgery and appealed the trial court's refusal to instruct the jury on a similar rule, the "continuous treatment" rule. *See id.* ¶ 10. In rejecting the plaintiff's continuous treatment argument, the supreme court noted in an aside that the continuous *negligent* treatment rule would not apply to the plaintiff's complaint because " 'the only negligence alleged was the negligent and unskillful [surgical] operation ... and nothing more.' " *Id.* ¶ 11 n. 9 (omission in original) (quoting *Peteler*, 17 P.2d at 249).

¶ 13 Here, as in *Collins* and *Peteler v. Robison*, 81 Utah 535, 17 P.2d 244 (1932), the Harpers' amended complaint alleges only that Defendants negligently performed the November 2002 surgeries "and nothing more." *See id.* at 249. These allegations, standing alone, do not state a claim for relief for continuous negligent treatment, even under Utah's liberal notice pleading requirements. *See MBNA Am. Bank, N.A. v. Goodman*, 2006 UT App 276, ¶ 6, 140 P.3d 589 (requiring complaints to give defendants "fair notice of the nature and basis or grounds of the claim"). Accordingly, we cannot use the continuous negligent treatment rule as an avenue for extending the statute of limitations in this case.

 ¶ 14 In so holding, we emphasize that we cannot rely on the allegations of a negligent course of treatment raised for the first time in the Harpers' opposition to summary judgment. "A plaintiff cannot amend the complaint by raising novel claims or theories for recovery in a memorandum in opposition to a motion to dismiss or for summary judgment because such amendment fails to satisfy Utah's pleading requirements." *Holmes Dev., LLC v. Cook*, 2002 UT 38, ¶ 31, 48 P.3d 895 (citations omitted). The Harpers were free to seek leave to amend their complaint to allege new or different causes of action, *see* Utah R. Civ. P. 15(a), but having failed to do so they could not effectively raise such new claims in their opposition brief. *See Holmes Dev.*, 2002 UT 38, ¶ 31, 48 P.3d 895 (stating that in the absence of proper amendment, "claims must ... be restricted to the grounds set forth in the complaint").

## II. The Discovery Rule

 ¶ 15 The Harpers next argue that regardless of how or when Defendants committed negligence, the Harpers did not learn of the resulting legal injury until Sheila Harper was informed in September 2003 that the damage to her bladder was likely caused by insufficient postoperative therapy. Under Utah's medical malpractice discovery rule, a patient injured by negligent medical treatment has two years from the date of *discovery* of his or her legal injury in which to file suit. *See* Utah Code Ann. § 78–14–4(1) ("No malpractice action against a health care provider may be brought unless it is commenced within two years after the plaintiff or patient discovers, or through the use of reasonable diligence should have discovered the injury ...."); *Seale v. Gowans*, 923 P.2d 1361, 1363 (Utah 1996) ("[T]he two-year limitations period 'does not commence to run until the injured person knew or should have known that he had sustained an injury and that the injury was caused by negligent action.' " (quoting *Foil v. Ballinger*, 601 P.2d 144, 148 (Utah 1979))). Applying the discovery rule and applicable statutory provisions to the alleged September 2003 discovery that Sheila Harper's bladder injuries were negligently inflicted by Defendants, the Harpers argue that they had until July 2006 to file a complaint.

 ¶ 16 We reject this argument as a matter of lack of preservation in the district court. " '[I]n order to preserve an issue for appeal[,] the issue must be presented to the trial court in such a way that the trial court has an opportunity to rule on that issue.' " *438 Main St. v. Easy Heat, Inc.*, 2004 UT 72, ¶ 51, 99 P.3d 801 (alterations in original) (quoting *Brookside Mobile Home Park, Ltd. v. Peebles*, 2002 UT 48, ¶ 14, 48 P.3d 968). To allow the trial judge the opportunity to

rule on a particular issue, the issue must be specifically raised in a timely fashion and with supporting evidence or relevant legal authority. *See id.* The Harpers raised the discovery rule in the district court-but argued that it applied to the Harpers' discovery of the negligent course of treatment claim discussed above. In stark opposition to their current argument, the Harpers' opposition to summary judgment in the district court purported to *abandon* any negligence claim directly arising from the November 2002 surgeries [4] and instead focused solely on Evans's postoperative care. Indeed, the Harpers submitted an affidavit from their own expert opining that there was no breach of the standard of care during the November 2002 surgeries. This express abandonment of any negligence claims directly premised on the November 2002 surgeries deprived the trial court of the opportunity to consider when the Harpers might have discovered those claims had they been before the court.

### III. Application of Tolling and Extension Statutes

¶ 17 Finally, the Harpers argue that even if their legal injuries accrued and were discovered no later than November 16, 2002, the proper application of various tolling statutes results in a January 26, 2006, filing deadline and renders their January 17 complaint timely. As noted above, the baseline statute of limitations for medical malpractice suits is two years from the date of discovery of a legal injury. *See* Utah Code Ann. § 78–14–4(1). However, two additional statutory provisions come into play under the facts of this case. Utah Code section 78–14–8 requires potential medical malpractice plaintiffs to serve notice of intent to sue upon prospective

defendants and provides that if such notice is provided less than ninety days prior to the expiration of the statute of limitations, then "the time for commencing the malpractice action against the health care provider shall be extended to 120 days from the date of service of notice." *Id.* § 78–14–8 (2002). Utah Code section 78–14–12 further requires a medical malpractice plaintiff to file a request for prelitigation panel review with DOPL within sixty days of its service of notice of intent to sue. *See id.* § 78–14–12(2)(a). The filing of the request for prelitigation panel review "tolls the applicable statute of limitations until the earlier of 60 days following [DOPL's] issuance of an opinion by the prelitigation panel, or 60 days following the termination of [DOPL's] jurisdiction." *Id.* § 78–14–12(3)(a).

¶ 18 In this case, the Harpers filed both their notice of intent to sue and their request for prelitigation panel review on the same day—November 4, 2004, within ninety days of the original expiration date of the statute of limitations. The district court properly applied sections 78–14–8 and –12 by concluding that as of the November 4 filings, the Harpers' limitations period would expire 120 days from the filings but was immediately tolled pending the expiration of sixty days from final DOPL action. *See id.* §§ 78–14–8, –12(3)(a). DOPL issued its panel review opinion on July 14, 2005, and the district court concluded that the Harpers' remaining 120 days commenced sixty days thereafter and expired on January 11, 2006.[5] Accordingly, the district court found the Harpers' January 17, 2006 complaint to be untimely.

¶ 19 The Harpers challenge only one aspect of the district court's calculation, ar-

4. As noted above, the only treatments by Defendants alleged in the amended complaint are the November 2002 surgeries. Thus, the Harpers' abandonment of claims based on those surgeries would likely be fatal to their action without regard to the statute of limitations. Since we affirm the district court's order on the grounds stated herein, we do not address this issue.

5. In a petition for rehearing, the Harpers argue for the first time that, pursuant to Utah Administrative Code R156–78A–14, the sixty-day period following DOPL panel review commences not upon the issuance of an opinion by the review

panel but only upon DOPL's service of a certificate of compliance upon the parties. *See* Utah Admin. Code R156–78A–14(3) ("With respect to the tolling of the statute of limitations referenced in Section 78–14–12(3), the 60 day time period mentioned therein shall begin to run as of the date the Director causes the certificate of compliance to be served, the three day mailing period set forth in Section R156–78A–4(3) to be applied."). Because this issue was not raised in the initial briefing, we apply only the statutory language as briefed by the parties and express no opinion on the effect of R156–78A–14 as it may apply to other cases.

guing that the district court incorrectly applied the 120–day extension found in Utah Code section 78–14–8. The Harpers argue that when they served their notice of intent to sue on November 4, they had thirteen days left in the original limitations period. They argue that these thirteen days should be added on to section 78–14–8's 120–day extension, and the resulting 133–day period tolled until sixty days after DOPL's resolution of their request for panel review. Under the Harpers' calculation, the ultimate deadline for filing suit would have been January 26, 2006, making their January 17 complaint timely.

¶ 20 The Harpers' interpretation is not supported by the plain language of the statute. Utah Code section 78–14–8 states: "If the notice is served less than ninety days prior to the expiration of the applicable time period, the time for commencing the malpractice action against the health care provider *shall be extended to 120 days from the date of service* of notice." *Id.* § 78–14–8 (emphasis added). This is not, as the Harpers characterize it, a true tolling provision, but rather an extension of the deadline for filing suit from some period of less than ninety days to a fixed period of 120 days, measured from the date of service of the notice. *See Millett v. Clark Clinic Corp.,* 609 P.2d 934, 936–37 (Utah 1980) (rejecting similar argument of "tacking the [120–day] extension period onto the end of the 90–day waiting period"). Under the plain language of the statute, the time remaining in the original statute of limitations period is "extended to"—basically, merged into—the new 120–day period, not added on to it.

¶ 21 The district court properly interpreted Utah Code section 78–14–8 when it granted the Harpers 120 days in which to file suit after serving their notice of intent to do so. After tolling for the period of DOPL's review plus sixty days, the district court properly found that the 120–day period expired prior to the filing of the Harpers' complaint. Accordingly, the district court properly disposed of the action on summary judgment as barred by the statute of limitations.

## CONCLUSION

¶ 22 The district court properly concluded that the Harpers' claims, as pleaded in their amended complaint and framed in their opposition to summary judgment, were barred by the applicable statute of limitations. Accordingly, we affirm the district court's entry of summary judgment in favor of Defendants.

¶ 23 WE CONCUR: RUSSELL W. BENCH, Judge and GREGORY K. ORME, Judge.