2013 UT App 121

# THE UTAH COURT OF APPEALS

SUSAN D. JOHNSON, CHRIS L. JOHNSON, CHRISTINA GRANATH, AND
LONNIE CASSIDY VERHAAL,
Plaintiffs and Appellants,
*v.*
WEBER COUNTY AND GREEN VALLEY ACADEMY,
Defendants and Appellees.

Opinion
No. 20120368-CA
Filed May 16, 2013

Second District, Ogden Department
The Honorable Scott M. Hadley
No. 110902718

John M. Webster, Attorney for Appellants
Bruce R. Baird, Attorney for Appellee Green Valley
Academy
Christopher F. Allred, Attorney for Appellee
Weber County

JUDGE JAMES Z. DAVIS authored this Opinion, in which JUDGES
GREGORY K. ORME and CAROLYN B. MCHUGH concurred.

DAVIS, Judge:

¶1      Susan D. Johnson, Chris L. Johnson, Christina Granath, and
Lonnie Cassidy Verhaal (the Residents) appeal the grant of
summary judgment in favor of Weber County (the County). We
affirm.

BACKGROUND

¶2      This is an appeal from the district court's review of the
Weber County Board of Adjustment's (the BOA) decision. The

Green Valley Academy Private Education Institution (Green Valley) submitted a design review application to the Ogden Valley Planning Commission seeking to establish a "'private, non-public specialty school serving students with specific needs in the areas of learning, depression, anxiety, and pervasive developmental problems,'" to be located within an "Agricultural Valley 3 (AV-3) Zone" in Huntsville, Utah. Green Valley explained that its educational program would be fully accredited and structured in accordance with the guidelines for public high school graduation and that "[t]he main activity" at the academy would be "educating and instructing students (46.5 hours per week)." Green Valley described the other services offered at the academy, such as "[c]ounseling and therapy sessions" and on-site lodging, as "ancillary to the educational program." The Planning Commission approved the design review application, concluding that Green Valley constitutes a "school" under the Weber County Zoning Ordinance (the Ordinance) and is therefore a permitted use within the proposed AV-3 Zone.

¶3     The Residents appealed the Planning Commission's decision to the BOA, arguing that the Planning Commission "failed to support its decision to call [Green Valley's] proposed use a school with substantial evidence and illegally approved the use as a school instead of as a residential treatment center according to the strict requirements of the Zoning Ordinance." The BOA disagreed with the Residents and upheld the Planning Commission's approval of Green Valley's design application.

¶4     The Residents then filed a Petition for Review and Declaratory and Injunctive Relief with the district court, seeking de novo review of the BOA's determination. The Residents argued that the BOA's decision was illegal and arbitrary and capricious because

> [t]he County, the [Planning] Commission and the
> [BOA] failed to consider each of the factors required
> [by the Ordinance] for Design Review approval,

made the approval final even though necessary reports and third party approvals were lacking, and evaluated only whether the Green Valley Academy met the definition of a "school" as set forth in the Uniform Land Use Ordinance of Weber County and ignored other zoning requirements and limitations including, but not limited to, the purpose and intent of the AV-3 zone.

¶5    The district court denied the Residents' petition and granted Green Valley's motion for summary judgment, which was joined by Weber County. The Residents now appeal.


ISSUE AND STANDARD OF REVIEW

¶6    The Residents argue that the district court erred in granting Green Valley's motion for summary judgment. "We review the district court's grant of a motion for summary judgment for correctness." *Overstock.com, Inc. v. SmartBargains, Inc.*, 2008 UT 55, ¶ 12, 192 P.3d 858.


ANALYSIS

¶7    The Residents contend that the BOA's decision was arbitrary, capricious, illegal, and not supported by substantial evidence, thereby rendering summary judgment in favor of Green Valley inappropriate. "A final decision of a land use authority or an appeal authority is valid if the decision is supported by substantial evidence in the record and is not arbitrary, capricious, or illegal." Utah Code Ann. § 17-27a-801(3)(c) (LexisNexis 2009). "A determination of illegality requires a determination that the decision, ordinance, or regulation violates a law, statute, or ordinance in effect at the time the decision was made or the ordinance or regulation adopted." *Id*. § 17-27a-801(3)(d).

¶8    The Residents contend that the BOA's decision was illegal and arbitrary and capricious because it was made in violation of the Ordinance and was not supported by substantial evidence. Though the Residents "concede that the instruction and education" aspect of Green Valley "would, in fact, qualify as a school . . . under Weber County's Ordinance and under the *Crist* [*v. Bishop*, 520 P.2d 196 (Utah 1974)] decision," they argue that Green Valley nonetheless fails to qualify as a school because its "residential component . . . [is] otherwise not" permitted in the AV-3 Zone. The Residents assert that Green Valley's main use is as a residence for troubled youth and that by calling it a school, Green Valley attempts to make "an end run around the [O]rdinance." In other words, the Residents argue that the school is not enough of a school. We disagree.

¶9    The Ordinance defines a school as follows:

> A public elementary or secondary school, charter, seminary, parochial school, or private educational institution having a curriculum similar to that ordinarily given in grades one through twelve in the public school system. The term "education institution" for the purpose of this Ordinance does not include post high school educational facilities.

Weber County, Utah, Zoning Ordinance, § 1-6, *available at* http://www.co.weber.ut.us/mediawiki/index.php/General_Provisions_%26_Definitions (last visited May 13, 2013). The term "schools" was also defined in *Crist*, in which the supreme court was asked to construe a zoning ordinance that did not define that term. *See Crist*, 520 P.2d at 197. The *Crist* court noted "that it is not the name used that determines the character of an institution[;] . . . this is to be ascertained from what it actually consists of and its method of operation." *Id*. The court interpreted "schools" to mean, "institutions for education and training[, t]he requisites of [which] . . . are: some physical facility, teachers, a curriculum for study or

training, and students who are the objective thereof." *Id*. at 198–99 (footnote omitted).

¶10    The defendants in *Crist* argued that the plaintiffs' facility was not a school but a juvenile detention and correctional institution in light of the facility's mission to serve "maladjusted boys with mental or emotional problems, who need detention and control in connection with their education and training." *Id.* at 197. Specifically, the "maladjusted boys" would receive "residential treatment with a therapeutically designed round-the-clock living program including medical care, psychiatry, and professional discipline," i.e., the use of forcible restraints like chains and manacles. *Id.* (internal quotation marks omitted). The supreme court rejected the defendants' argument and affirmed the district court's characterization of the facility as a school, stating,

> If the[ aforementioned] requisites are met, the status of the institution is not changed because of variation in methods of teaching or of training, or of discipline or control. These are all present in greater or lesser degree in practically all schools; and they may vary greatly without preventing one from being properly so characterized.

*Id.* at 199.

¶11    The Residents argue that reliance on *Crist* is inappropriate because the Ordinance already contains a definition of "school" and because the facts are distinguishable in that the facility at issue in *Crist* was to be located in an existing building. Green Valley contends that this case is basically a repeat of *Crist* in that the main issue is what constitutes a school. To affirm its status as a school, Green Valley, employing a familiar analogy, explains that all this court needs to do is apply the "duck test," meaning if its design application "looks like a duck [and] it quacks like a duck, it's a school." The duck here is the definition of "school," and according to Green Valley, the definition is the same in the Ordinance and

*Crist*. Thus, Green Valley concludes its argument by stating, "[A]ll [we are] here to say is quack."

¶12    We are not persuaded that the differences the Residents focus on in *Crist* render that case inapplicable. *Crist* injected common sense into the zoning ordinance at issue in that case by recognizing that "school" is an umbrella term, each iteration of which need not be specifically identified in an ordinance to be encompassed within its meaning so long as the core "requisites are met." *Id.* at 198–99. Here, the parties do not dispute that those requisites—that the proposed "private educational institution hav[e] a curriculum similar to that ordinarily given in grades one through twelve in the public school system," and that it not be a post high school educational institution—are met by Green Valley's proposal. Thus, Green Valley, like the facility in *Crist*, is rightfully characterized as a school even though it also offers on-site housing and therapeutic services.

¶13    The Residents next contend that specific language in other parts of the Ordinance unequivocally prove that Green Valley's proposed school is not a permitted use in the AV-3 Zone. Specifically, the Residents explain that because the Ordinance states, "[U]ses not listed are not allowed," *see* Weber County, Utah, Zoning Ordinance, § 1-3, *available at* http://www.co.weber.ut.us/mediawiki/index.php/General_Provisions_%26_Definitions (last visited May 13, 2013), and boarding schools are not a listed use in the AV-3 Zone, it necessarily follows that boarding schools, like Green Valley, are not allowed in that zone, *see generally id.* § 5B-2 to -4. Further, they contend that because the Ordinance specifically permits boarding schools in other zones, had such a use been intended for the AV-3 Zone it would have been explicitly enumerated in the Ordinance. The Residents also cite the stated purpose of the AV-3 Zone—"to direct orderly low-density residential development in a continuing rural environment"—and the fact that the residential uses permitted in the zone are limited to single family homes and multi-unit housing facilities with eight or fewer residents, as additional proof that Green Valley's housing

facility, which the Residents describe as a dormitory large enough for thirty-six students and up to sixteen staff members, does not belong in the AV-3 Zone. *See generally id.* § 5B-1 to -4.

¶14    However, as stated above, because schools are a type of permitted use in the AV-3 Zone and Green Valley meets the definition of "school" provided in the Ordinance, the fact that Green Valley also includes amenities and programs not specifically identified in the Ordinance does not, under the facts and circumstances of this case, mean it no longer qualifies as a school. As observed in *Crist*, despite variations in teaching style, discipline, or amenities available for students, certain requisites are "present in greater or lesser degree in practically all schools; and they may vary greatly without preventing one from being properly so characterized." *Crist v. Bishop*, 520 P.2d 196, 199 (Utah 1974). Thus, while the Ordinance does contain the limitation that "uses not listed are not allowed," we do not interpret that to mean that every type of school that is actually permitted by the Ordinance must be enumerated, rather than evaluated on a case-by-case basis in accordance with the definition provided in the Ordinance. Additionally, the Residents' assertion that boarding schools are permitted in other zones is incorrect; no part of the Ordinance specifically provides for boarding *schools*, though boarding *houses* are permitted in different zones. Likewise, the multi-unit residential facilities permitted in the AV-3 Zone are not all limited to eight residents; convalescent or rest homes are a conditional use allowed in the zone, and the Ordinance does not explicitly cap the number of people such facilities can house.[1] In other words, it is not clear how large the Green Valley housing facility would have to be

---

1. Furthermore, Green Valley does not explicitly state in its design application that it seeks to provide on-site housing for up to thirty-six students and sixteen staff members; the Residents appear to pull these numbers from Green Valley's prior application that was subsequently withdrawn.

for the district court to necessarily conclude that it is not in keeping with the purpose of the AV-3 Zone.

¶15     Accordingly, the BOA's decision upholding the Planning Commission's grant of Green Valley's design application was not in contravention of the Ordinance.[2] Therefore, the district court correctly granted summary judgment to Green Valley. We affirm.[3]

---

2. The Residents also assert that their due process rights were violated on two different grounds. We do not address this issue because it was not preserved. *See Harper v. Evans*, 2008 UT App 165, ¶ 16, 185 P.3d 573 ("[I]n order to preserve an issue for appeal[,] the issue must be presented to the trial court in such a way that the trial court has an opportunity to rule on that issue." (alterations in original) (citation and internal quotation marks omitted)). We also do not address the Residents' contentions that Green Valley's primary use is as a residence, not a school, because it is not adequately briefed. Their arguments on this point amount to a series of conclusory statements; they do not offer any supporting evidence or explanation as to how they reached this conclusion. *See* Utah R. App. P. 24(a)(9) ("The argument shall contain the contentions and reasons of the appellant with respect to the issues presented . . . with citations to the authorities, statutes, and parts of the record relied on."). Likewise, our inability to determine if the Residents have even raised a challenge to the Planning Commission's adherence to Chapter 36-4 of the Ordinance is a sufficient basis to determine that the issue was not adequately briefed.

3. Because we do not consider the Residents' appeal to be frivolous, we deny Green Valley's request for rule 33 sanctions. *See generally* Utah R. App. P. 33(a) ("[I]f the court determines that a motion made or appeal taken under these rules is either frivolous or for delay, it shall award just damages, which may include single or double costs, . . . and/or reasonable attorney fees, to the prevailing party."); *Porco v. Porco*, 752 P.2d 365, 369 (Utah Ct. App. 1988) ("[S]anctions for frivolous appeals should only be applied in

(continued...)

3. (...continued)
egregious cases, lest there be an improper chilling of the right to appeal erroneous lower court decisions. However, sanctions should be imposed when an appeal is obviously without any merit and has been taken with no reasonable likelihood of prevailing, and results in delayed implementation of the judgment of the lower court; increased costs of litigation; and dissipation of the time and resources of the . . . [c]ourt." (citation and internal quotation marks omitted)).