2016 UT App 63

# THE UTAH COURT OF APPEALS

SANDY CITY,
Appellee,
*v.*
MICAELA BETH LAWLESS,
Appellant.

Memorandum Decision
No. 20150014-CA
Filed April 7, 2016

Third District Court, West Jordan Department
The Honorable Barry G. Lawrence
No. 131401513

W. Andrew McCullough, Attorney for Appellant

Douglas A. Johnson, Attorney for Appellee

SENIOR JUDGE PAMELA T. GREENWOOD authored this
Memorandum Decision, in which JUDGES STEPHEN L. ROTH and
KATE A. TOOMEY concurred.[1]

GREENWOOD, Senior Judge:

¶1     Micaela Beth Lawless (Defendant) was convicted of violating Sandy City ordinance 5-18-3 when she performed as an escort without first obtaining a Sexually Oriented Business License from Sandy. Defendant now appeals, challenging the constitutionality of the state statute that grants Sandy the authority to require such a license. *See* Utah Code Ann. § 10-8-41.5 (LexisNexis 2012). Because Defendant did not preserve the arguments in the district court, we affirm.

---

1. Senior Judge Pamela T. Greenwood sat by special assignment as authorized by law. *See generally* Utah R. Jud. Admin. 11-201(6).

¶2  Defendant was licensed as an escort in Midvale City, Utah, in accordance with Midvale's Sexually Oriented Business License ordinance. In the summer of 2013, an undercover Sandy police officer arranged to meet with Defendant in a Sandy hotel. Defendant was not licensed as an escort in Sandy. When she arrived at the hotel, she was cited for doing business as an escort in Sandy without a Sexually Oriented Business License.

¶3  Defendant moved to dismiss, initially arguing that section 10-8-41.5 of the Utah Code, which permits a municipality to require an escort to be licensed as a Sexually Oriented Business, violated her rights under the First and Fourteenth Amendments to the United States Constitution. Defendant later abandoned these arguments and instead urged the district court to "review the *Sandy ordinance* as to whether it violates the constitutional rights of Defendant."[2] (Emphasis added.) The court concluded that the ordinance "passes muster under the intermediate scrutiny framework set forth in *O'Brien*" and denied the motion to dismiss. *See generally United States v. O'Brien*, 391 U.S. 367 (1968). Following a bench trial, Defendant was convicted as charged.

¶4  On appeal, Defendant does not argue the constitutionality of the Sandy ordinance. Instead, she urges us to conclude that the relevant state statute is unconstitutional. *See* Utah Code Ann. § 10-8-41.5(2). That statute dictates that "[a] person employed in a sexually oriented business may not work in a municipality: (a) if the municipality requires that a person employed in a sexually oriented business be licensed individually; and (b) if the person is not licensed by the municipality." *Id.*

---

2. Defendant was initially charged in the Sandy City Justice Court. She filed a motion to dismiss there, which was denied, before she was convicted following a bench trial. She then appealed to the Third District Court in West Jordan, Utah. It is the proceedings in the district court that we review on appeal.

¶5    Normally, "[w]hether a statute is constitutional is a question of law, which we review for correctness, giving no deference to the trial court." *State v. Daniels*, 2002 UT 2, ¶ 30, 40 P.3d 611. But in the instant case, we decline to reach the question of the statute's constitutionality because Defendant did not present the issue to the district court. Because Defendant abandoned her arguments regarding the state statute, "the district court did not have the opportunity to give full consideration to the issues at that time," *see O'Dea v. Olea*, 2009 UT 46, ¶ 19, 217 P.3d 704, and we therefore have no district court decision to review, *see Harper v. Evans*, 2008 UT App 165, ¶ 16, 185 P.3d 573 (declining to address an argument "as a matter of lack of preservation in the district court" where the appellants had abandoned a claim in the district court that they subsequently argued on appeal); *see also State v. Holgate*, 2000 UT 74, ¶ 11, 10 P.3d 346 (clarifying that "the preservation rule applies to every claim, including constitutional questions"). "[R]equiring a party to raise an issue or argument in the trial court gives the trial court an opportunity to address the claimed error, and if appropriate, correct it." *Patterson v. Patterson*, 2011 UT 68, ¶ 15, 266 P.3d 828 (citation and internal quotation marks omitted).

¶6    In the district court, Defendant abandoned her arguments regarding the state statute. On appeal, Defendant attempts to raise her previously abandoned arguments regarding the state statute; she does not brief the question of the Sandy ordinance's constitutionality. We thus are not in a position to review the issues raised.

¶7    We therefore affirm.

————————