**2016 UT App 221**

## THE UTAH COURT OF APPEALS

SANDY CITY,
Appellee,

*v.*

FELICIA JOYCE ANDERSON,
Appellant.

Memorandum Decision
No. 20150003-CA
Filed November 3, 2016

Third District Court, West Jordan Department
The Honorable Barry G. Lawrence
No. 131401516

W. Andrew McCullough, Attorney for Appellant

Douglas A. Johnson, Attorney for Appellee

JUDGE STEPHEN L. ROTH authored this Memorandum Decision, in
which JUDGES KATE A. TOOMEY and DAVID N. MORTENSEN
concurred.

ROTH, Judge:

¶1     Felicia Joyce Anderson was convicted of violating a Sandy
City ordinance that prohibits working as an escort in Sandy City
without a Sexually Oriented Business License from the city.
Anderson appeals her conviction of the class B misdemeanor by
challenging the constitutionality of the state statute that
authorizes municipalities to require such a license. We affirm.

¶2     At the time this case arose, Anderson was licensed as an
escort in Midvale City in accord with Midvale's Sexually
Oriented Business License ordinance. She was not licensed in
nearby Sandy City, where a substantially similar ordinance
makes it unlawful to perform escort services "without first
obtaining a valid license from the business license authority."

Sandy City Ordinance 5-18-3. After finding an online ad for adult entertainment, an undercover police officer arranged to meet with Anderson in a Sandy hotel. Shortly after she arrived, the officer cited her for violating the Sandy City ordinance.

¶3     Anderson moved to dismiss the citation, initially arguing that the state statute that authorizes a municipality to require escort licensure, Utah Code section 10-8-41.5, violated her rights under both the Utah and United States constitutions.[1] After hearing oral argument, the district court requested additional briefing from the parties regarding whether the state statute was unconstitutional as applied to Anderson. According to the court, "it was unclear . . . whether the analysis should be from the perspective of the State's interest or the City's interest." Therefore, the court "invited the parties to address [which interests applied], and what those interests were."

¶4     The court determined that, in her supplemental briefing, Anderson "shifted her challenge from the State Statute to the Sandy Ordinance." Specifically, she "urged [the court] to review the Sandy Ordinance as to whether it violates the constitutional rights of [Anderson]." With its attention turned to the Sandy City Ordinance rather than the state statute, the court conducted its analysis and concluded that the ordinance "passes muster

---

1. Anderson was initially charged in the Sandy City Justice Court. She moved to dismiss the charges, which motion the court denied, and the justice court convicted her following a bench trial. She appealed to the Third District Court and again filed a motion to dismiss. We have authority to review the district court's proceeding because "the district court rule[d] on the constitutionality of a statute or ordinance." Utah Code Ann. § 78A-7-118(8) (LexisNexis Supp. 2016) ("The decision of the district court is final and may not be appealed unless the district court rules on the constitutionality of a statute or ordinance.").

under" federal constitutional law. On that reasoning, the court denied Anderson's motion to dismiss and held a bench trial, at which Anderson was convicted.

¶5      While the name of the defendant differs, these facts, arguments, and procedural history are identical to our recent case *Sandy City v. Lawless*, 2016 UT App 63, 370 P.3d 1277. Indeed, although defendants Anderson and Lawless each filed their own motion to dismiss, the facts and legal reasoning overlapped to such a degree that the district court denied both motions with a single order, which it entered in both cases below. On appeal, as in district court, Anderson makes the same arguments that Lawless made. Specifically, Anderson does not address the constitutionality of the Sandy City Ordinance—the question presented to the district court. Instead, Anderson asks us to decide whether the state authorizing statute, Utah Code section 10-8-41.5, violates her "rights to free expression under the First Amendment" and her "rights to Equal Protection of the Laws under the Fourteenth Amendment." *Cf. Lawless*, 2016 UT App 63, ¶ 4.

¶6      *Lawless* binds our decision because "[h]orizontal stare decisis . . . requires that [the] court of appeals follow its own prior decisions" under almost all circumstances. *State v. Menzies*, 889 P.2d 393, 399 n.3 (Utah 1994) (noting that the court of appeals may only overrule its own decision if it was "clearly erroneous or conditions have changed so as to render the prior decision inapplicable" (citation and internal quotation marks omitted)). In *Lawless*, we declined to reach the constitutionality of Utah Code section 10-8-41.5, because in district court the defendant abandoned her attack on the state statute in favor of an attack on the city ordinance and therefore "did not present the [state statute] issue to the district court." *Lawless*, 2016 UT App 63, ¶ 5. On preservation grounds, we concluded that, "[b]ecause [Lawless] abandoned her arguments regarding the state statute, the district court did not have the opportunity to

give full consideration to the issues at that time and we therefore have no district court decision to review." *Id.* (citation and internal quotation marks omitted).

¶7    The reasoning in *Lawless* is compelling and we are bound by it under the doctrine of stare decisis. As in *Lawless*, Anderson abandoned her initial arguments about the state statute in district court, instead focusing on the city ordinance. On appeal, Anderson changes course and attempts to resurrect her statute-based arguments in lieu of the ordinance-based arguments on which the district court ruled. We are therefore in no position to review the issues raised on appeal, *Lawless* controls, and we affirm.

———————